[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Court answers to the plaintiff's Motion for Articulation and Reconsideration dated May 26, 1992 are as follows:
1. The plaintiff shall be responsible for the payment of heat, utilities, and maintenance, for the Westport home from the date of the divorce judgment, (May 19, 1992) to the date of sale, in that she has been given exclusive possession for this period. The defendant shall be responsible for payment of the mortgage, taxes, and insurance, and if not paid, that amount shall be deducted from his 50% share of the equity at the time of sale.
2. Yes. The monthly alimony award of $2,100.00 is approximately 53% of the defendant's current net income of $3,937.50, and the plaintiff's liability to pay federal tax for alimony was considered.
3. No. The defendant shall be liable for any arrearages that have accrued from the date that the pendente lite orders were granted (September 25, 1991, Nigro, J.) to the date the divorce judgment, (May 19, 1992), and shall be deducted from his 50% share of any equity from the sale of the Westport home or the New York condominium.
4. The court has considered all the criteria in Section 46b82 of the Connecticut General Statutes in establishing the alimony award to the plaintiff, including but not limited to her age, health, and employability, and the needs of each of the parties. The plaintiff is forty four years old, in good health, with a life expectancy of approximately 75 years. Although she has not been employed outside her home during the marriage, the plaintiff is a high school graduate and had taken some college courses. Within a reasonable time, she should be recovered from the emotional trauma of this divorce and should be able to find employment as a salesperson or in some part of the clothing business, having had gained considerable experience in the field during the marriage.
PETRONI, JUDGE